UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Bliss, #21150-112 | ) C/A No. 8:07-160-TLW-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Attorney General of the United States;<br>Director of Federal Bureau of Prisons;<br>FNU LaManna, Warden of FCI Edgefield;<br>FNU Collie, Captain of FCI Edgefield;<br>FNU Santiago, Lt. of Special Housing Unit, FCI Edgefield;<br>Jane Doe, Disciplinary Hearing Officer, for SHU, FCI Edgefield;<br>FNU Adkinson, Special Housing Unit Officer, FCI Edgefield;<br>Jane Doe II, Medical Administrator, FCI Edgefield;<br>FNU Kempner, Supervisor of Education, FCI Edgefield;<br>Jane Doe III, Unicor Inmate Accounts, FCI Edgefield;<br>FNU Spoon, Unicor Factory Manager, FCI Edgefield;<br>FNU Joy, B4 Unit Manager, FCI Edgefield;<br>FNU Koger, B4 Unit Case Manager, FCI Edgefield;<br>FNU Glasgow, B4 Unit Counselor, FCI Edgefield; and<br>FNU Hilton, B4 Unit Officer, FCI Edgefield, | ) |
| Defendants. | ) |

The plaintiff, Michael Bliss ("Plaintiff"), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).[1] Plaintiff is an inmate at Federal Correctional Institution (FCI) in Edgefield, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims the defendants violated Plaintiff's constitutional rights. The complaint should be dismissed for failure to state a claim upon

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

2

*Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## **Background**

The two page complaint consists of one page listing defendants in the caption, and one page attempting to state a claim. The only allegations in the complaint state:

> ...plaintiff, being a legal citizen of these United States of America having legal and valid ownership of rights secured under our Constitution by the 5th and 14th Constitutional Amendments which; plaintiff avers were violated in a personal and/or professional capacity, solely, and/or in part, and/or in whole, by the above named defendant(s), between 12/04/05 till present, causing injury to plaintiff by the mistaken and/or unjustifiable depravation of plaintiff's rights to life, liberty and property.

Complaint at 2. The complaint then requests "any type of relief to the plaintiff that the Court deems appropriate and equitable in proportion to the injury(s) caused by the defendant(s) to the plaintiff." Id. The complaint contains no other allegations against the

defendants listed in the caption. The complaint is also silent as to Plaintiff's completion of the Bureau of Prison's Administrative Remedies Program to attempt to resolve his concerns prior to bringing suit in federal court.[2]

### Discussion

The complaint names fifteen defendants in the caption of the case, but does not contain factual allegations against any of the named defendants. The complaint only contains vague allegations that the defendants violated Plaintiff's constitutional rights. The complaint, however, fails to make any allegations as to how each individual defendant was involved in violating Plaintiff's constitutional rights. It is Plaintiff's burden to allege facts sufficient to state all the elements of his claim. *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). Dismissal is necessary where plaintiff's complaint fails to contain "any factual allegations tending to support [his] bare assertion." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). The complaint should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Although Plaintiff is not required to specifically allege in his complaint that he has exhausted his administrative remedies in compliance with 42 U.S.C. § 1997e(a), *see Jones v. Brock,* _ U.S. _, 127 S.Ct. 910 (2007), Plaintiff is required to exhaust the BOP Administrative Remedies Program before bringing his complaint in federal court.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint *without prejudice* and without issuance and service of process.  **Plaintiff's attention is directed to the important notice on the next page.**

Respectfully submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

February 21, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).