IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Michael Bliss, #21150-112, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:8:07-160-TLW-BHH |
| | ) | |
| Attorney General of the United States, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

# ORDER

The plaintiff, Michael Bliss ("plaintiff"), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388. Plaintiff is an inmate at the Federal Correctional Institution (FCI) in Edgefield, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint claims the defendants violated plaintiff's constitutional rights. (Doc. #1). The case was automatically referred to Magistrate Judge Bruce Howe Hendricks pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC.

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks, to whom this case had previously been assigned. (Doc. #11). In the Report, Magistrate Judge Hendricks recommends that "the District Court dismiss the complaint *without prejudice* and without issuance and service of process" as the plaintiff asserted no facts in his complaint. (Doc. #11). The plaintiff has filed objections to the Report. (Doc. #14).

In conducting this review, the Court applies the following standard:

1

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report.

In his objections, the plaintiff requests the Court to consider a motion to amend the complaint. (Doc. #14). The plaintiff then filed a detailed complaint. (Doc. #16). According to rule 15(a) of the Federal Rules of Civil Procedure, where as here, the motion to amend is made outside twenty (20) days of the filing of the original complaint, "a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Federal Rules of Civil Procedure, Rule 15 (a). In light of this filing, the Court determines that this case should be remanded back to the magistrate judge for consideration of the plaintiff's motion to amend the complaint. (Doc. #16).

After careful review of the well reasoned Report and objections thereto, the Court declines to accept the Report, (Doc. #11) for the reasons outlined herein. Therefore, it is **ORDERED** that this case is **REMANDED** to the magistrate judge for further proceedings to decide the complaint amendment question, any other relevant questions, and the preparation of an amended Report, if necessary.

**IT IS SO ORDERED**.

                                        <u>   s/Terry L. Wooten   </u>

                                        Terry L. Wooten
                                        United States District Judge

February 25, 2007
Florence, South Carolina