IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Michael Bliss, #21150-112 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Attorney General of the ) <br> United States; Director of Federal ) <br> Bureau of Prisons; Warden ) <br> LaManna; Captain Collie; Lt. ) <br> Santiago; Kempner; Spoon; ) <br> Joy; Koger; Glasgow; ) <br> Adkinson; Officer Hilton; ) <br> Barron, RN; Sweeting, ) <br> DMD; Petit; and Slater, DHO; ) <br> ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.8:07-160-TLW-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The plaintiff, a federal prisoner proceeding pro se, brought this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] This matter is before the court on the defendants' motion to dismiss, or, alternatively for summary judgment. (Dkt. # 54.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 18, 2007. On October 9, 2008, the respondent moved to dismiss the action. By order filed October 10, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to

---

[1] In *Bivens*, the United States Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 against state actors.

the motion. On December 4, 2008, the plaintiff filed a response opposing the defendants' motion to dismiss.

## **PROCEDURAL FACTS**

The plaintiff is currently a federal prisoner housed at the Federal Correctional Institution in Mariana, Florida ("FCI-Mariana"). (*See* Dkt. # 69 - Notice of Change of Address.) When he filed this action, he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"). First, the plaintiff alleges his constitutional rights were violated in connection with a disciplinary action. He states that he was not allowed to enter his cell in the Special Housing Unit ("SHU") before "head count" because he is white (Pl.'s Mem. Opp Mot. to Dismiss at 7) and was subsequently subjected to disciplinary action for missing head count. He also alleges his due process rights were violated in regard to the hearing for this disciplinary action which resulted in the plaintiff being sanctioned with the loss of his job and telephone privileges for thirty days. (Defs.' Mem. Supp. Mot. to Dismiss Attach. # 1 - Ex. D.)

The plaintiff also challenges a separate proceeding which resulted in his placement in the Special Housing Unit ("SHU") for protective custody while he was housed at the FCI-Edgefield. He also claims that he was held under conditions in the SHU that were more onerous than those for the general population inmates. He sets forth a laundry list of complaints about the SHU which includes: hard toothbrushes, ineffective razors, water-downed cleaners, unclean clothing and towels, not being provided combs or deodorant, inadequate time in the SHU's law library, pencils that are too short and dull to write with, being allowed to sweep and mop cells only once per week, receiving inadequate amounts of fruit compared to prisoners in the general population, and only being issued three sets of clothing which does not allow for time to wash the clothing. (Dkt. # 33 - 2nd Am. Compl. ¶ 12.)

The plaintiff also claims he has been denied medical and dental treatment. (*Id.* at ¶16.) Further he alleges a claim based upon the denial of more than three sets of clothing in violation of BOP policy and the denial of educational opportunities based upon BOP policy. Finally, he alleges he was denied equal protection under the BOP Administrative Remedy Program. (Dkt. # 33- 2nd Am. Compl. ¶¶ 16-20.)

In his second amended complaint, the plaintiff states he is seeking an order that the defendants Hilton, Adkinson, Joy, Spoon, Slater, Glasgow, Kemper, Pettit, Sweeting, Barron, and Collie, receive training; the defendant Koger not be allowed to conduct disciplinary proceedings; the defendant Santiago not be allowed to have any job duties in the SHU; the defendant Lamanna conform the canteen offerings at the FCI-Edgefield to other facilities; the defendants Director of the BOP and Attorney General change BOP policy regarding protective custody in the SHU, implement a new database for dental and optical treatment, issue an order requiring that inmates be given five sets of clothing; allow inmates to purchase educational software to be used on Educational Department's computers, provide consequences for when BOP officials do not follow programs' rules and procedures, and other policy changes regarding inmates who have lost their jobs because of placement in protective custody. He is also seeking to have the disciplinary conviction expunged from his disciplinary record and restoration of his UNICOR job.[2] Finally, the plaintiff requests that inmates be provided with at least two hours per week in the law library no matter what their status and more policies to protect inmates' basic rights. (Dkt. # 33 - 2nd Am. Compl. 14-20.) Importantly, the plaintiff has reiterated numerous times that he is not seeking monetary

---

[2] "UNICOR" is the trade name for the Federal Prison Industries, Inc., a government corporation within the BOP, the purpose of which is to provide work simulation programs and training opportunities for inmates. *See* 28 C.F.R. § 345.11.

damages, but rather only equitable relief. (Pl.'s Mem. Opp. Mot. to Dismiss at 7, 9, 10, 11, 12,14, 15, 16, 18, 19.)

## APPLICABLE LAW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). A pro se complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. *Estelle v. Gamble*, 429 U.S. 97, 106-07 (1976). When, however, it appears to the Court that the plaintiff has totally failed to state a claim which would entitle him to relief, a defendant is entitled to have his motion to dismiss granted. Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Initially, the undersigned notes that the plaintiff has moved to voluntarily dismiss several defendants and claims, as discussed below. As to the remaining claims, the undersigned finds these are moot as the plaintiff has been transferred to the FCI-Mariana in Florida and he is only seeking injunctive or declaratory relief.

**Defendants Sweeting, Slater, Petit, Spoon, United States Attorney General, and the Director of the Federal Bureau of Prisons**

In his memorandum opposing the defendants' motion to dismiss, the plaintiff states that he would like to voluntarily dismiss the defendants Sweeting, Slater, Pettit, Spoon, United States Attorney General, and the Director of the Federal Bureau of Prisons. (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) The defendants do not oppose the dismissal of these defendants. Accordingly, these defendants should be dismissed.

4

**Plaintiff's Claims 16-20**

In his memorandum, the plaintiff also states he would like to dismiss Claims 16-20 set forth in his amended complaint without prejudice. (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) In these claims, the plaintiff alleges he has been denied medical (optical) and dental treatment, denied more than three sets of clothing in violation of BOP policy, denied educational opportunities based upon BOP policy, and denied equal protection under the BOP administrative Remedy Program. (Dkt. # 33- 2nd Am. Compl. ¶¶ 16-20.) The defendants do not oppose the dismissal of these claims. Accordingly, these claims should be dismissed **without prejudice.**

**Plaintiff's Motion to Amend to Add the Federal Bureau of Prisons as a Defendant**

In his memorandum, the plaintiff requests leave to amend his complaint. (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) The undersigned recommends this motion be denied.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir.1999) (internal citations omitted). A court may deny a party's motion to amend if allowing the amendment would be futile. *See In re PEC Solutions, Inc. Sec. Litig.*, 418 F.3d 379 (4th Cir. 2005) (holding "[l]eave to amend need not be given when amendment would be futile.").

The plaintiff has requested leave to amend his complaint to add the Bureau of Prisons ("BOP") as a defendant. (Pl.'s Mem. Opp. Summ. J. Mot. at 4.) However, the BOP is not a proper defendant in a *Bivens* action. *See Howard v. Federal Bureau of Prisons*, 198 F.3d 236 (4th Cir.1999) (unpublished). Thus, to allow the plaintiff to amend

5

his complaint to add the BOP would be futile. Accordingly, the plaintiff's request for leave to amend his complaint to add the BOP as a defendant should be denied.

**Mootness**

The plaintiff has filed a notice with the court that he has been transferred to the FCI-Mariana in Florida. (Dkt. # 69- Change of Address.) As noted above and reiterated numerous times in his memorandum opposing the defendants' motion to dismiss, the plaintiff is not seeking monetary damages, but rather only equitable relief. (Pl.'s Mem. Opp. Mot. to Dismiss at 7, 9, 10, 11, 1214, 15, 16, 18, 19.) Based upon these facts, the plaintiff's remaining claims are now moot.

A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)(*quoting Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the complaint is filed and when the case is decided. *Id.* If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. *Id.* When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." *Ross v. Reed,* 719 F.2d 689, 693 (4th Cir. 1983). Furthermore, in general, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which he complained. *Id*.

The plaintiff has requested only injunctive or declaratory relief as set forth above. The plaintiff's transfer from the FCI-Edgefield, however, destroyed the "case or controversy"

6

requirement concerning his claims. Accordingly, the plaintiff's claims for injunctive and declaratory relief are moot. Because the plaintiff has not made a request for monetary relief, his claims should be summarily dismissed as moot. *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (holding transfer to another institution rendered inmate's request for injunctive relief moot); *Williams v. Griffin,* 952 F.2d 820, 825 (4th Cir. 1991)(holding claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of).

Liberally construing the second amended complaint, the undersigned notes that the only remaining claims which are arguably not moot are the plaintiff's due process and equal protection claims regarding his disciplinary conviction. In these claims, the plaintiff seeks to have the disciplinary conviction expunged from his record. However, the plaintiff's due process claim regarding his disciplinary proceedings is barred by *Sandin v. Conner,* 515 U.S. 472 (1995). The due process clause "does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Id.* at 478. Disciplinary restrictions that alter the conditions of confinement do not implicate due process protection unless they represent the type of atypical, significant deprivation which constitutes a liberty interest that is protected by due process. *Id.* at 486. If the plaintiff lost no good time, then he has no federally protected due process rights in connection with the proceedings. The plaintiff has not alleged the loss of any good time by virtue of this disciplinary charge and in fact it appears the plaintiff was sanctioned only with the loss of his job and telephone privileges for thirty days. (Defs.' Mem. Supp. Mot. to Dismiss Attach. # 1 - Ex. D.)

As other courts have recognized, the suspension of a prisoner's privileges does not rise to the level of an atypical and significant hardship in relation to the ordinary incidents of prison life. *See e.g. Tanney v. Boles,* 400 F.Supp.2d 1027, 1040 (E.D.Mich. 2005 (finding that a temporary telephone privilege suspension does not implicate a due process liberty

interest); *Husbands v. McClellan,* 990 F.Supp. 214, 217 (W.D.N.Y. 1998) ("The temporary loss of the various privileges alleged in this case-i.e., telephone, package, commissary, and recreation privileges-does not represent the type of deprivation which could reasonably be viewed as imposing an atypical and significant hardship on an inmate.").

Furthermore, it is well established that an inmate has no federal right to a job assignment. *Woodworth v. United States,* 44 Fed Appx. 112 (9th Cir. 2002)(finding that an inmate "has neither a liberty nor a property interest in his prison job"); *Grayson v. Federal Prison Industries Factory,* 69 F.3d 536 (5th Cir. 1995)(stating that prisoners have no constitutionally protected liberty or property interest in their prison job assignment, nor a legitimate claim of entitlement to continuing UNICOR employment); *James v. Quinlan,* 866 F.2d 627, 629-31 (3rd Cir. 1989)(holding that "plaintiffs do not have a liberty interest in their Federal Prison Industries job assignment"); *Johnson v. Knable*, 862 F.2d 314 (4th Cir. 1988)(stating that "prison work assignments are matter within the discretion of prison official, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate"); *Altizer v. Paderick,* 569 F.2d 812 (4th Cir.1978)(holding custody classifications and work assignments are generally within the discretion of the prison administrator); *Jackson v. LaManna,* 2007 WL 1862371 (D.S.C. 2007)(stating that "[a]ll inmate job assignments are subject to the institution's needs, and inmates do not have any fundamental constitutional right to any specific work assignment"); and *Williams v. Farrior,* 334 F.Supp.2d 898 (E.D.Va. 2004)(finding that prisoner was not entitled to due process protection because he had no liberty or property interest in any prison job assignment or placement in any particular prison facility). Accordingly, the plaintiff's due process claims regarding his disciplinary conviction should be dismissed.

Additionally, as to the plaintiff's equal protection violation claims, to state such a claim, he must allege facts sufficient to show that he was treated differently from other

8

"similarly situated" inmates and that the "unequal" treatment resulted from either intentional or purposeful discrimination. *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). To meet this requirement, plaintiff is required to set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen,* 326 F.3d 569, 584 (4th Cir. 2003). This, the plaintiff has simply failed to do and therefore, the plaintiff's equal protection claim should also be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion to Dismiss (Dkt. # 54) be GRANTED and this action be DISMISSED **with prejudice** except the Plaintiff's Claims 16-20 set forth in his second amended complaint (Dkt. # 33) which should be dismissed **without prejudice.** Furthermore, the Plaintiff's request for leave to amend his complaint to add the BOP as a defendant should also be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 4, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).