IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Bliss, #21150-112, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 8:07-160-TLW-BHH |
| ) | |
| Attorney General of the United States; ) | |
| Director of Federal Bureau of Prisons; ) | |
| Warden LaManna; Captain Collie; ) | |
| Lt. Santiago; Kempner; Spoon; Joy; Koger; ) | |
| Glasgow; Adkinson; Officer Hilton; ) | |
| Barron, RN; Sweetling, DMD; Petit; and ) | |
| Slater, DHO, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

# ORDER

Plaintiff, Michael Bliss ("plaintiff"), proceeding *pro se*, brought this civil action pursuant to Bivens v. Six Unknwn Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). (Doc. #1). The defendants filed a motion to dismiss on October 9, 2008. (Doc. #54). The plaintiff filed a response in opposition on December 4, 2008. (Doc. #60). The defendants filed a reply on January 16, 2009. (Doc. #67).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks to whom this case was previously assigned. (Doc. #70). In the Report, the Magistrate Judge recommends that the District Court grant the defendants motion to dismiss, dismiss plaintiff's claims 16-20 without prejudice, and dismiss all remaining claims with prejudice. (Doc. #70). The plaintiff requested a 30 day extension to file objections to the Report. (Doc. #71). The Court granted the petitioner a two-week extension

through September 4, 2009 to file objections to the report. (Doc. #73). The plaintiff filed objections to the report on September 3, 2009. (Doc. #75). The defendants replied to the plaintiff's objections on September 11, 2009. (Doc. #77). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #70). For the reasons articulated by the Magistrate Judge, the defendants' motion to dismiss, (Doc. #54), is **GRANTED**, the plaintiff's claims 16-20 are dismissed without prejudice, and all remaining claims are dismissed with prejudice.

**IT IS SO ORDERED**.

                                              s/Terry L. Wooten
                                            United States District Judge

September 23, 2009
Florence, South Carolina